*Blight v. Mercy*, No. 498-7-12 Wncv (Teachout, J., June 17, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT

**SUPERIOR COURT**                                    **CIVIL DIVISION**
**Washington Unit**                                     **Docket No. 498-7-12 Wncv**

**Donna Blight**
    **Plaintiff**

    **v.**

**Jason Mercy and Liza Mercy**
    **Defendants**

### ENTRY

Defendants made repairs to the steps on which Plaintiff allegedly fell after the fall. Defendants have filed a motion in limine seeking to exclude at trial evidence of those repairs as a subsequent remedial measure. V.R.E. 407. Plaintiff opposes the motion, arguing that Defendants have taken the position that repairing the steps was too expensive, i.e., not feasible.

Rule 407 allows evidence of subsequent remedial measures for reasons other than to prove negligence, including to show the feasibility of a repair actually undertaken. However, the issue of feasibility is not a legitimate "other reason" unless it is genuinely in dispute. See David P. Leonard, The New Wigmore: A Treatise on Evidence: Selected Rules of Limited Admissibility § 2.8.1 ("[I]n the absence of a clear concession, the court must determine whether the parties truly have a dispute. The court must exercise caution so as to avoid allowing the subsequent repair evidence when the offering party is essentially manufacturing an issue solely to waft the subsequent repair evidence before the jury." (footnote omitted)).

Defendants represent that they do "not plan on making the claim that the repairs undertaken by [Mr. Mercy] were not feasible." Defendants' Motion in Limine 2 (filed May 26, 2015). Plaintiff has not identified a reason to admit the evidence other than to prove negligence. On this basis, evidence of the subsequent repair is within the scope of Rule 407. That Defendants may have believed that they could not afford to make certain repairs at some point is insufficient to show admissibility. The question is whether Defendants will take the position that the sort of repair actually undertaken would have been unreasonably expensive (infeasible). They say that they will not.

Defendants' motion in limine is granted.

Dated at Montpelier, Vermont this _____ day of June 2015.

 

_____
Mary Miles Teachout,
Superior Judge